UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-05151; 18-cv-05185; 18-cv-05186; 18-cv-05190; 18-cv-05194; 18-cv-05164; 18-cv-05180; 18-cv-05189; 18-cv-05193; 18-cv-05183; 18-cv-05147; 18-cv-05150; 18-cv-05158; 18-cv-05188; 18-cv-05192; 18-cv-04767; 18-cv-04770; 18-cv-05309; 18-cv-05299; 18-cv-05308; 18-cv-05305; 18-cv-05307; 19-cv-01785; 19-cv-01781; 19-cv-01783; 19-cv-01794; 19-cv-01798; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01801; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-10713. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW
<u>ON ISSUES OF DISPUTED FOREIGN LAW AND CHOICE OF LAW</u>**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1
BACKGROUND .............................................................................................................................2
LEGAL STANDARD......................................................................................................................3
ARGUMENT ...................................................................................................................................4
I.     The Danish standard of proof applies to SKAT's fraud and aiding and abetting fraud claims....................................................................................................................4
II.    The Court has rejected already the friends and family defendants' interpretation of the Danish statute of limitations and inquisitorial procedure. .............................................7
III.   SKAT is a constituent part of the Kingdom of Denmark with authority to bring the Danish state's claims arising from defendants' fraudulent tax refund claims. ...............9
CONCLUSION................................................................................................................12

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aviles v. S&P Glob., Inc.*, No. 17-CV-2987 (JPO), 2020 WL 1689405 (S.D.N.Y. Apr. 6, 2020) ..................................................................................................................7

*Babcock v. Jackson*, 191 N.E.2d 279 (N.Y. 1963) ...................................................................6, 7

*In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2023 WL 8039623 (S.D.N.Y. Nov. 20, 2023)..................8, 10

*Deutsche Bank Nat'l Trust Co. v. Barclays Bank PLC*, 140 N.E.3d 511 (2019).............................7

*Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325 (2d Cir. 2005) ...............................................................................................................................4, 11

*GlobalNet Financial.com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377 (2d Cir. 2006) ..................................................................................................................................4

*Intellivision v. Microsoft Corp.*, No. 07 Civ. 4079 (JGK), 2008 WL 3884382 (S.D.N.Y. Aug. 20, 2008) ................................................................................................4

*Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F. App'x 287 (2d Cir. 2004)..............................................................................................................6

*Oliver Wyman, Inc. v. Eielson*, No. 15 Civ. 5305 (RJS), 2016 WL 5339549 (S.D.N.Y. Sept. 22, 2016) ...............................................................................................7

*Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001 (N.Y. 1994)..........................................................6

*Sample Inc. v. Pendleton Woolen Mills, Inc.*, 704 F. Supp. 498 (S.D.N.Y. 1989) ..........................5

*Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ. 488 (BSJ) (HBP), 2012 WL 6097726 (S.D.N.Y. Dec. 4, 2012)................................................................................4

*Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F. Supp. 2d 267 (S.D.N.Y. 2009).......................................................................................6

**Statutes and Rules**

CPLR 202.........................................................................................................................................7

Federal Rule of Civil Procedure 44.1 ................................................................................1, 2, 3

In accordance with Pretrial Order No. 52 (ECF No. 1514), plaintiff Skatteforvaltningen ("SKAT") submits this memorandum of law regarding choice of law and disputed issues of foreign law raised in the parties' Federal Rule of Civil Procedure 44.1 notices.

## PRELIMINARY STATEMENT

SKAT and the trial two defendants who filed a Rule 44.1 notice collectively raise four of the same issues that were raised by the trial one parties, the three of which that were raised by the defendants, the Court already having decided in SKAT's favor.[1]  SKAT, for its part, contends, the same as it did in trial one, that Danish and New York substantive law conflict with respect to the standard of proof for SKAT's fraud claims.  And that under New York's interest analysis choice of law rules, the Danish preponderance of the evidence, not the New York clear and convincing evidence, standard applies because Denmark has a greater interest than New York in having its law apply to SKAT's fraud claims arising from defendants' massive fraud against the Danish state.

The friends and family defendants, for their part, raise the Danish statute of limitations, "including the inquisitorial procedure and investigative obligation," and the two related issues of whether SKAT is the same legal entity as the Kingdom of Denmark and is entitled to bring these claims on behalf of the Danish state.  With respect to the Danish statute of limitations, no doubt

---

1. The trial two defendants who filed a Rule 44.1 notice, referred to herein as the "friends and family" defendants, as they were commonly called during trial one, are Joseph Herman, Robin Jones, Perry Lerner, David Zelman, and their respective pension plans Albedo Management LLC Roth 401(k) Plan, Ballast Ventures LLC Roth 401(k) Plan, Fairlie Investments LLC Roth 401(k) Plan, Monomer Industries LLC Roth 401(k) Plan, Pinax Holdings LLC Roth 401(k) Plan, Sternway Logistics LLC Roth 401(k) Plan, Eclouge Industry LLC Roth 401(k) Plan, First Ascent Worldwide LLC Roth 401(k) Plan, Loggerhead Services LLC Roth 401(k) Plan, PAB Facilities LLC Roth 401(k) Plan, Trailing Edge Productions LLC Roth 401(k) Plan, Bareroot Capital Investments LLC Roth 401(k) Plan, Battu Holdings LLC Roth 401(k) Plan, Cantata Industries LLC Roth 401(k) Plan, Dicot Technologies LLC Roth 401(k) Plan, and Vanderlee Technologies Pension Plan.  None of the other trial two defendants filed a notice of intent to raise any issue of foreign law.  SKAT has agreed in principle to settle its claims against defendants Robin Jones and Joseph Herman, and each of their three respective plans. These parties are exchanging draft settlement agreements and will inform the Court when the settlements are executed.

it applies by virtue of New York's borrowing statute to the extent the Danish limitations period is shorter than New York's. But to the extent there is an evidentiary basis to charge the jury on a Danish statute of limitations defense at trial two, the Court's instructions should be the same substantively as the instructions the Court used in trial one, in which the Court declined to instruct the jury on defendants' proffered interpretation of the Danish administrative law inquisitorial procedural and SKAT's supposed investigative obligation.

Likewise, the Court already has rejected at the motion to dismiss and summary judgment stages of this litigation the defendants' arguments, based on the same foreign law declarations to which the friends and family defendants cite in their Rule 44.1 notice, that SKAT lacks standing or suffered no damages because it is distinct from the rest of the Kingdom of Denmark. SKAT, like every other Danish ministerial authority, is a constituent part of, not separate from, the Danish state. And Danish ministries and ministerial authorities appear regularly as plaintiffs in Danish courts to raise the Danish state's claims that are within their mandate.

## BACKGROUND

In Pretrial Order No. 52 (ECF No. 1514) governing the trial two schedule, the Court instructed the trial two parties to, *inter alia*, file all Federal Rule of Civil Procedure 44.1 notices and "serve notice of intent to assert the application of any non-New York law not otherwise required by Rule 44.1 by June 16, 2025," and "file any briefs on disputed issues of foreign law or choice of law by June 30, 2025."

On June 16, 2025, SKAT filed its Rule 44.1 Notice of Intent to Raise Issues of Foreign Law (ECF No. 1627), asserting, the same as it did in trial one, that it intends to "raise an issue about the applicability of Danish law to its fraud and aiding and abetting fraud claims." Specifically, it explained, SKAT "contends that Danish and New York law conflict with respect

to the standard of proof for those claims and the Danish preponderance of the evidence, as opposed to the New York clear and convincing evidence, standard applies." (*Id.*)

Also on June 16, 2025, the friends and family defendants, but not any other of the trial two defendants, filed a Rule 44.1 Notice of Intent to Raise Issues of Foreign Law, in which they identified three issues of Danish law that they intend to raise at trial two: (i) "The Danish statute of limitations, including the inquisitorial procedure and investigative obligation;" (ii) "Whether SKAT is the same legal entity as the Kingdom of Denmark or the Danish Ministry of Finance;" and (iii) "Whether SKAT is entitled to bring these claims on behalf of the Kingdom of Denmark under Danish law." (ECF No. 1629.)[2]  The three same exact Danish law issues raised in the friends and family defendants' Rule 44.1 notice were likewise raised by the trial one defendants. (*Compare id. with* ECF No. 1020.)  And the friends and family defendants' Rule 44.1 notice points to the same exact sections of the Danish law declarations of Kasper Bech Pilgaard and Anders Ørgaard, submitted by the bellwether defendants at the summary judgment stage of this multidistrict litigation, to which the trial one defendants pointed in their Rule 44.1 notice. (*Id.*)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 44.1, "the court's determination" of foreign law is "a ruling on a question of law," and "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  The party raising an issue of foreign law bears the burden of "proving [the] foreign law to enable" the Court's

---

2. The friends and family defendants' initial June 16 filing of their Rule 44.1 notice was deemed deficient by the Court's clerk's office. (*See* ECF No. 1628.)  The friends and family defendants refiled their notice on June 17. (*See* ECF No. 1629.)

3

"application of it." *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ. 488 (BSJ) (HBP), 2012 WL 6097726, at *3 (S.D.N.Y. Dec. 4, 2012).

## ARGUMENT

**I.     The Danish standard of proof applies to SKAT's fraud and aiding and abetting fraud claims.**

As SKAT explained in its trial one choice of law briefs, Danish and New York law conflict with respect to the standard of proof for fraud claims and because Denmark has the greater interest in having its law apply to SKAT's fraud claims, the Danish standard of proof applies to those claims at trial two. (*See generally* ECF No. 1071 at 4-6; ECF No. 1248.)  Where there is a conflict of tort law, the Court, sitting in diversity, applies New York's "interest analysis" choice of law rules to determine the jurisdiction with the greatest interest in having its law applied to the particular issue where the laws conflict. *See GlobalNet Financial.com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006) ("A federal court exercising diversity jurisdiction must apply the choice of law analysis of the forum state.").

The first step in the Court's conflicts analysis is to determine whether an actual conflict exists, *i.e.*, if the "different substantive rules" of the jurisdictions may "have a significant *possible* effect on the outcome" of the case. *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005) (citations and quotations omitted).[3]  For SKAT's fraud and aiding and abetting fraud claims, there is such an actual conflict between New York and Danish substantive law with respect to the applicable standard of proof.  Under both New York and Danish law, defendants are liable in tort for the conduct SKAT alleged in its fraud and

---

3.   *See also, e.g.*, *Intellivision v. Microsoft Corp.*, No. 07 Civ. 4079 (JGK), 2008 WL 3884382, at *6 (S.D.N.Y. Aug. 20, 2008) (New York's choice of law rules required the application of Connecticut law to plaintiff's claims "to the extent there is an actual conflict between the law of New York and the law of Connecticut").

4

aiding and abetting fraud claims. (Decl. on Certain Aspects of Danish Law by Mads Bryde Andersen, dated June 24, 2024 ("Andersen Decl."), ¶¶ 19-22.)[4] But under New York law, the standard of proof for SKAT's fraud and aiding and abetting fraud claims is clear and convincing evidence, *see, e.g.*, *Sample Inc. v. Pendleton Woolen Mills, Inc.*, 704 F. Supp. 498, 505 (S.D.N.Y. 1989), whereas, under Danish law, "[t]he standard of proof is the greater weight of the evidence or the preponderance of the evidence" for "all civil claimants for all civil claims." (Andersen Decl. ¶ 24; Declaration on the Questions Presented in Judge Kaplan's 14 January 2025 Order by Mads Bryde Andersen, dated January 24, 2025 ("Andersen Third Decl."), ¶¶ 9-14, 49.)

In particular, the Danish Administration of Justice Act "establishes a fundamental principle of free assessment of evidence in Danish civil proceedings," pursuant to which "Danish courts [] apply a preponderance of the evidence rule of evidence subject to reservations in individual cases." (Andersen Third Decl. ¶¶ 8-9 (emphasis and internal quotation marks omitted).) As Professor Andersen explained, Danish legal scholarship and judicial opinions confirm that "the standard of proof applied by a Danish court in exercising its discretion under" the Administration of Justice Act "is generally the greater weight of the evidence or the

---

4. SKAT relies herein on the three declarations of Professor Mads Bryde Andersen, including the exhibits thereto, previously submitted to the Court that addressed the same Danish law issues raised by SKAT and the trial two friends and family defendants in the context of trial one, *i.e.*, Professor Andersen's declarations submitted on June 24, 2024 (ECF No. 1072), July 24, 2024 (ECF No. 1112), and January 24, 2025 (ECF No. 1397). SKAT has appended those three declarations to the contemporaneously filed Declaration of Marc A. Weinstein, dated June 30, 2025. For the Court's convenience, SKAT will include copies of the relevant exhibits to Professor Andersen's declarations in the courtesy copies delivered to Court. Professor Andersen's first and second declarations discussed certain Danish law issues raised by the trial one, but not any of the trial two, defendants, such as Danish law regarding beneficial ownership of dividends. SKAT has omitted from the contemporaneously filed versions of Professor Andersen's declarations the exhibits, *viz.* exhibits 5 through 12, and 13, related solely to those other Danish law issues no party has raised with respect to trial two.

5

preponderance of the evidence, including in the context of civil law claims based on fraud allegations." (*Id.* ¶¶ 49-54, 66-67.)

Thus, the New York law requirement that a "fraud claim . . . be proven by clear and convincing evidence, not merely by a preponderance as under [Danish] law . . . establish[es] that a conflict exists." *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F. Supp. 2d 267, 283 (S.D.N.Y. 2009) (quotation omitted).[5] And as such, the Court must apply New York's "interest analysis" choice of law rules, under which "controlling effect" is given "to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." *Babcock v. Jackson*, 191 N.E.2d 279, 283 (N.Y. 1963). Where, as here, the conflict concerns "conduct regulating," as opposed to "loss allocation," rules, the "place of the tort" will usually have the strongest interest in having its law applied. *Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001, 1002 (N.Y. 1994).

"Under New York conflict of law principles, fraud claims," such as SKAT's, "are governed by the state in which the injury is deemed to have occurred, which is usually where the plaintiff is located." *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F. App'x 287, 288 (2d Cir. 2004). That is the case even if the defendants' wrongful conduct and SKAT's injury occurred in different places because where, as here, the wrongful conduct has a direct relationship to the locus of the injury, the place of the injury "will usually have a

---

5. The trial one defendants argued that New York's clear and convincing evidence standard of proof applies, irrespective of any conflict, because the burden of proof is considered a procedural rule to which the forum's law always applies under New York's choice of law rules. But, as SKAT previously explained, New York's clear and convincing evidence standard of proof should be considered substantive law under New York's choice of law rules and the trial one defendants' argument to the contrary confuses burden of proof, in the sense of which party bears it with respect to a particular issue, with the quantum of proof required for the party to carry its burden. (*See* ECF No. 1248 at 2-6.)

predominant, if not exclusive, concern." *Aviles v. S&P Glob., Inc.*, No. 17-CV-2987 (JPO), 2020 WL 1689405, at *4 (S.D.N.Y. Apr. 6, 2020) (quoting *Babcock*, 191 N.E.2d at 284). As such, "[i]n a fraud claim, the locus of the tort is generally deemed to be the place where the injury was inflicted, rather than where the fraudulent act originated." *Oliver Wyman, Inc. v. Eielson*, No. 15 Civ. 5305 (RJS), 2016 WL 5339549, at *4 (S.D.N.Y. Sept. 22, 2016) (quotation omitted).

Accordingly, Danish law governs SKAT's fraud and aiding and abetting fraud claims to the extent New York and Danish law conflict, thus the Danish preponderance of the evidence, not the New York clear and convincing evidence, standard applies to SKAT's fraud claims.

## II. The Court has rejected already the friends and family defendants' interpretation of the Danish statute of limitations and inquisitorial procedure.

The Court has rejected repeatedly the friends and family defendants and their Danish law experts' proffered interpretation of Danish law, under which certain of SKAT's claims are time-barred because of SKAT's purported legal obligation, known as the "inquisitorial procedure," to "obtain all relevant information in a case before it renders a decision," and because SKAT had an "investigation obligation" with respect to its claims. (*See, e.g.*, Decl. of Foreign Law of Anders Ørgaard, dated Nov. 22, 2021, ECF No. 802, ¶¶ 15, 18.)[6]

In denying defendants' summary judgment motion, the Court held that the three-year Danish limitations period runs "from the point at which SKAT knew or should have known of its claims against [the] defendants" and "Danish law does not impose on SKAT a duty to make active investigations (like police investigations in criminal matters) of all facially sufficient tax

---

6. Denmark's statute of limitations period may be applicable to SKAT's claims in these actions by virtue of New York's borrowing statute to the extent it is shorter than New York's. *See* CPLR § 202. In "borrowing" Denmark's "statute of limitations under CPLR 202," the Court "import[s]" Denmark's "limitations period, along with the extension and tolls applied in" Denmark, "so that the *entire* foreign statute of limitations . . . applies, and not merely its period." *Deutsche Bank Nat'l Trust Co. v. Barclays Bank PLC*, 140 N.E.3d 511, 519 (2019) (quotations omitted).

7

refund applications it receives on a presumption that facts of relevance to the case may be hidden somewhere." *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2023 WL 8039623, at *14-15 (S.D.N.Y. Nov. 20, 2023) (internal quotations omitted).  The Court reiterated as much in granting in part SKAT's motion *in limine* to exclude certain evidence that the trial one defendants argued was relevant to their Danish statute of limitations defense because it supposedly "show[ed] that SKAT in fact knew it was at risk of paying out illegitimate claims but failed to make a proper investigation that could have uncovered the basis for SKAT's claims against the defendants." (Memo Endorsed Order, dated Sept. 18, 2024, ECF No. 1195, at 1 (internal quotations omitted).)  The defendants "theory of relevance [was] flawed," the Court reasoned, "because it does not demonstrate that SKAT knew or should have known of its claims *against the defendants*." (*Id.* (internal quotation omitted)). And the Court declined to charge the trial one jury with the trial one defendants' proposed instructions, based on their (and the friends and family defendants') Danish law experts' interpretations of the Danish administrative law inquisitorial procedure, that:

> As a public authority, SKAT has a duty to investigate when it receives some information suggesting it might have a claim against a particular taxpayer.  Thus, SKAT should have known of a claim when it received information indicating it should further investigate a specific defendant in connection with a particular pension plan's refund claim, even if SKAT could not have known the basis for its claim without such further investigation.

(*Compare* Joint Proposed Jury Instructions, dated December 10, 2024, ECF No. 1246, at 67-70 (indicating instructions proposed by trial one defendants only in italics) *with* Declaration of Marc A. Weinstein, dated June 30, 2025, Ex. A (Trial Tr.) 2350:15-2355:3 (jury instructions regarding statute of limitations).)

8

Rather, as Professor Andersen previously explained and the Court instructed the trial one jury, under section 3(1) of the Danish Limitations Act ("DLA"), the statute of limitations for all of SKAT's claims is three years. (Andersen Decl. ¶ 147; Weinstein Decl. Ex. A (Trial Tr.) at 2350:25-2351:5.) That limitations period generally runs from "the earliest point in time whe[n] the claimant could claim satisfaction of its claim," *i.e.*, when the plaintiff suffered the claimed injury. (Andersen Decl. ¶ 148; *see also id.* ¶¶ 150-55; Weinstein Decl. Ex. A (Trial Tr.) at 2351:6-8.) But when the plaintiff is unaware of its claim or the defendants' role in the wrongful conduct alleged, the limitations period is "suspended" and starts from the date the plaintiff "became aware or should have become aware of its claim" against the defendant. (Andersen Decl. ¶ 157 (emphasis removed), citing DLA § 3(2); Weinstein Decl. Ex. A (Trial Tr.) at 2351:8-15.) Under Danish law, the "test for whether the claimant 'should have' become aware of its claim" against a particular defendant is "whether the claimant had sufficient information for a prudent person acting in the claimant's shoes to assess the basis for its claim" against that defendant. (Andersen Decl. ¶ 159; *see also* Declaration Commenting on Defendants Memorandum of Law of 24 June 2024 by Mads Bryde Andersen, dated July 24, 2024 ("Andersen Second Decl.") ¶¶ 20-28; Weinstein Decl. Ex. A (Trial Tr.) at 2351:15-18.)[7]

### III. SKAT is a constituent part of the Kingdom of Denmark with authority to bring the Danish state's claims arising from defendants' fraudulent tax refund claims.

Finally, the friends and family defendants revive the argument that SKAT lacks standing to assert its claims or suffered no damages from the fraud because the tax revenue it collects belongs to the Kingdom of Denmark and SKAT is supposedly a separate legal entity from the

---

7. As SKAT previously explained in its trial one briefs, the Court's trial one jury instructions and previous holdings concerning the Danish statute of limitations are supported by a substantial body of Danish case law. (*See generally* ECF No. 1071 at 6-9; ECF No. 1111 at 10-12.)

rest of the Danish state. The Court previously rejected these arguments, based on the same foreign law declarations to which the friends and family defendants cite in their notice. *See In re Customs & Tax Admin. Of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, 2023 WL 8039623, at *13 ("[T]he defendants have not established that SKAT is a separate legal entity from the Kingdom of Denmark"); Pretrial Order No. 13, ECF No. 243 (denying motion to dismiss for lack of standing "for substantially the reasons stated in SKAT's memorandum").

In any event, as SKAT has explained previously, SKAT is a constituent part of the Danish state, not separate from it. (*See, e.g.*, ECF No. 1071 at 12-15.) In particular, SKAT is the Danish ministerial authority "mandated with the administrative tasks related to the collection of taxes." (Andersen Decl. ¶ 60.) It is part of the Danish Ministry of Taxation, which along with the other ministries that comprise the Danish government, likewise is not distinct from the Kingdom of Denmark. (*Id.* ¶ 72.) Under Danish law, SKAT has no separate legal existence from the Kingdom of Denmark. (*See id.* ¶ 61.)

Articles 13 and 14 of the Danish constitution governing the distribution of powers and competencies within the Danish government prove the point decisively. (Andersen Decl. ¶ 67.) Article 14 provides in pertinent part: "[The King] shall decide upon the number of Ministers and upon the distribution of the duties of government among them." (*Id.*) And Article 13(2) states that "[t]he ministers shall be responsible for the conduct of government; their responsibility shall be defined by statute." (*Id.* ¶ 73.)

Read together, these provisions of the Danish constitution require Denmark to conduct its government through its ministries, with only discretion as to the number of ministers and how government functions are distributed among them. (*Id.* ¶¶ 69-71.) While the scope of each ministry's responsibilities must be defined by legislation, rather than by executive decree, the

10

ministries derive their authority and power to conduct the affairs of government directly from the constitution, rather than as a delegated responsibility from the Danish legislature. (*Id.* ¶¶ 73-74; *see also id.* ¶¶ 78-81 (describing concurrence by Danish legal scholars).)

Thus, because Danish ministries all are constituent parts of the Danish state, it is well established in Danish case law that claims involving different "government agencies within the Danish government" may be "offset." (*Id.* ¶ 84.) "If, for example, government branch 'D' is a debtor for a particular claim towards a particular citizen, and government branch 'C' is a creditor in relation to a completely different claim towards that same citizen, then 'D' may use 'C''s claim towards the citizen as a counterclaim to compensate or counterbalance its debt towards the citizen." (*Id.* ¶ 85 (emphasis removed).) "This practice clearly confirms the conclusion above that the Kingdom of Denmark is in effect *one* legal entity, and not several legal entities." (*Id.* ¶ 84.)

Further, SKAT is the proper Danish ministerial authority to assert the claims arising from the defendants' fraudulent tax refund claims. Danish ministries and ministerial authorities, including SKAT and the Ministry of Taxation, regularly appear in their own name to litigate claims concerning the rights and obligations of the Kingdom of Denmark within their mandates. (Andersen Decl. ¶ 96.) Danish law recognizes this authority, including in Section 240 of the Danish Administration of Justice Act, which refers to the "home court" jurisdiction of "the authority being sued *on behalf of the State*." (*Id*. ¶ 97 (emphasis added).)

In Denmark, the Danish state does not litigate private law claims, such as SKAT's, in its own name. (Andersen Decl. ¶ 101.) Instead, ministries and the government agencies that comprise those ministries regularly litigate the Kingdom's claims. (*Id.* ¶¶ 96, 101.) There is thus a substantial body of case law involving SKAT and other government agencies appearing in

11

civil law actions arising from the rights and obligations of the Danish government. (*Id*. ¶¶ 109-35.) For example, in *U 1981.473 H*, the Supreme Court permitted SKAT to pursue a claim for damages against the CEO of a bankrupted company that failed to withhold tax from its employees' salaries. (*Id*. ¶ 109 & Ex. 27.) No party disputed that SKAT had standing to appear as the plaintiff in that case.

And to take another example, SKAT appeared as the plaintiff in the Danish state's case against the Bech-Bruun firm arising from its role in the North Channel Bank fraudulent tax refund claims. Bech-Bruun is one of the leading law firms in Denmark, but at no point did it contest SKAT's standing or assert that SKAT suffered no injury from the fraud. (*Id*. ¶ 92.) Nor has any other Danish court ever held that a ministry or branch of the Danish government lacked standing to pursue a claim belonging to the Kingdom of Denmark because it is a separate legal entity. (*Id*. ¶ 91.)

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully submits that (i) the Danish law preponderance of the evidence standard of proof applies to SKAT's fraud and aiding and abetting fraud claims, and (ii) the Court should accept SKAT's experts' interpretation of Danish law on the issues the friends and family defendants raise and reject defendants' erroneous interpretations of Danish law.

<table>
<tr><td>Dated: New York, New York<br>June 30, 2025</td><td>HUGHES HUBBARD & REED LLP<br><br>By: <u>/s/ Marc A. Weinstein</u><br>    William R. Maguire<br>    Marc A. Weinstein<br>    Neil J. Oxford<br>    Dustin P. Smith<br>    Gregory C. Farrell<br>    One Battery Park Plaza<br>    New York, New York 10004-1482<br>    Telephone: (212) 837-6000<br>    Fax: (212) 422-4726<br>    bill.maguire@hugheshubbard.com<br>    marc.weinstein@hugheshubbard.com<br>    neil.oxford@hugheshubbard.com<br>    dustin.smith@hugheshubbard.com com<br>    gregory.farrell@hugheshubbard.com<br><br>    *Counsel for Plaintiff Skatteforvaltningen*<br>    *(Customs and Tax Administration of the*<br>    *Kingdom of Denmark)*</td></tr>
</table>

283297999